### ATWELL's Executors *vs.* JOB S. BARNEY.

#### *Trover.*

In this case the following facts are admitted : 1st. That by the will of John Atwell, a negro woman, Beck, was left to his daughter, Elender Atwell, when she marries ; if she lives single my executors to hire Beck out, and my daughter Elender to receive the benefit thereof, after her death, if no lawful issue, to be divided amongst my children. 2d. That Elender Atwell did intermarry, and the negro woman went into her possession, and was sold to the defendant, Dr. Barney. 3d. That some time after the sale Elender Atwell had issue, to wit, one child, which issue died, leaving Elender in life, who has since died, leaving no issue. 4th. The negro woman, Beck, has two children, Avis, about ten or eleven years old, and Henry, an infant about seven or eight months old. 5th. Should the court decide that the plaintiff is entitled to a recovery under the will, the negroes are to be delivered up in —— days thereafter, and a reasonable hire to be allowed for the wench, to be agreed upon by two disinterested persons.

SCHLEY & GLASCOCK, plaintiff's attorneys.<br>R. H. & J. W. WILDE, for defendant.

In the case submitted the court is required to place a construction on that clause of John Atwell's will by which he dis-

*An executory devise, to vest on a dying without issue generally, that is on an indefinite failure of issue, is not good because it tends to create a perpetuity.*

*But courts favoring the intention of the testator, particularly in devises of personal property, take hold of any circumstance or words of the will which limit the general expression of dying without issue and afford a ground for construing the limitation to be a dying without issue living at the death of the party, in order to support the devise over; so*

the words *"after her death, if no lawful issue"* were construed to mean without lawful issue at the death of the deceased, and to constitute a good limitation in an executory devise.

poses of a negro woman named Beck ; on which construction the principal cause must depend.

The first inquiry in the construction of wills is into the intention of the testator. When that is discovered, the next is into the legality of that intention, and they are to be so construed as to give effect to every clause and provision thereof, if it can be done consistently with the rules of law. Whatever may have been the motives of this testator in disposing of his property, his intention as disclosed in his will is as clearly not to give his daughter Elender an absolute property in the slave Beck, and the right of alienating her from his family, as it was to give her the use of the slave during her life : For Elender Atwell is not, until her marriage, even to have the possession of Beck, and after her death Beck is limited over to the other children of the testator. Whether this latter disposition of the slave is legal and such a limitation over of the property as the law will allow to be good, is the question submitted for decision.

The least possible interest which Elender Atwell could have in Beck, under this will, is a life estate, and whether this is the whole of her interest depends on the meaning attached to the particular words of limitation used by the testator, "after her death if no lawful issue," for it was clearly in his power by proper words, to limit a remainder over upon this life estate by an executory devise. It is well settled that an executory devise to vest on a dying without issue generally, that is on an indefinite failure of issue, is not good, because it tends to create a perpetuity. But courts favoring the intention of the testator particularly in devises of personal property, take hold of any circumstance or words of the will which limit the general expression of dying without issue and afford a ground for construing the limitation to be a dying without issue living at the death of the party, in order to support the devise over. The words " leaving no issue" and " without leaving issue," have been construed to mean, without issue living at the death of those who first took, and that the limitation over was good as an executory devise. So the words " after her decease" have been construed to mean, immediately after the decease, and to constitute a good limitation in an executory devise ; as in the cases of Pinbury and Elkins, 1 P. Wms. 563, and Paine *v.* Stratton, cited 2 Atkins, 647. The words of limitation in the first case are " then after her decease £80 to remain, &c." In the latter case the words are " and after her decease, &c." The case submitted for decision is almost identical with these, and if there be any difference it is too slight to except it from the principles on which they rest. The construction which is given to this clause of John Atwell's will, therefore is, that the limitation was to take effect immediately after, or at the death of Elender Atwell without lawful issue. Accordingly the limitation is good.